UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

N-14-1

FILED
2015 MAY 21 PM 4 28

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:15CR 85 (VLB) |
| v. | |
| ERIC LONERGAN<br>ZACHARY KRAMER | VIOLATIONS:<br>21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846<br>(Conspiracy to distribute, and to possess with intent to distribute, MDMA and AB Fubinaca)<br><br>21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846<br>(Attempted distribution of MDMA and distribution of AB Fubinaca)<br><br>21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860<br>(Distribution of MDMA within 1000 feet of a private college) |

INDICTMENT

The Grand Jury charges that:

GENERAL ALLEGATIONS

1. During all times relevant to the charges in this Indictment, ERIC LONERGAN and ZACHARY KRAMER were students at Wesleyan University ("Wesleyan") in Middletown, Connecticut.

2. Starting in or about November 2013, defendant ERIC LONERGAN began purchasing and redistributing a mixture and substance containing a detectable amount of MDMA, which is also known as, and will be referred to herein as, "Molly," a Schedule I controlled substance, to others at and around the Wesleyan University campus in Middletown, Connecticut.

3. LONERGAN was charging approximately $20 per 0.1 gram of Molly, or about $200 per gram, and was selling Molly to fellow students at Wesleyan. He would regularly sell Molly from his dorm room between 5:00 p.m. and 9:00 p.m. during most nights.

4. LONERGAN counseled students on how to ingest Molly and other psychedelic drugs. At one point in 2014, after the administration at Wesleyan sent out a campus-wide communication warning of the dangers of ingesting controlled substances like Molly, LONERGAN distributed a pamphlet instructing students on the use of psychedelic drugs.

5. LONERGAN regularly conducted presumptive chemical tests on the Molly he distributed to verify that it contained MDMA.

6. During the summer of 2014, ZACHARY KRAMER began selling Molly to students at Wesleyan. At some point in 2014, KRAMER began purchasing Molly from LONERGAN and distributing it to other students at Wesleyan.

7. In September 2014, LONERGAN provided Molly to several students who were planning a "rolling" party at Wesleyan, which is a party where guests ingest Molly. LONERGAN provided several grams of what he represented to be Molly, in bulk, to an individual who then distributed it to students in 0.1 gram capsules.

8. On or about September 13, 2014, several Wesleyan students overdosed on the substance provided by LONERGAN, and a few of these students were transported to the hospital. For many of these students, they had an extreme adverse reaction within fifteen minutes of ingesting the substance they thought was Molly. Some students swallowed the capsule, and others opened the capsules and snorted the powder. Some of these students complained of feeling an extreme lethargy, while others complained of feeling an extreme and irrational fear of everything and everyone around them. Some of these students did not recover

for at least three days. One student snorted approximately 0.05 grams of the substance and, within ten minutes of having ingested it, passed out and, after being revived and taken to her room, remained bedridden there for two days before finally being transported and treated at the hospital.

9. After the September 2014 overdoses, LONERGAN sent electronic communications to several of the students, assuring them that the substance he had sold them was safe and that he had tested it himself to make sure it was Molly. He even sent some of these students a link to a video purporting to show him testing the substance and yielding a positive result for the presence of MDMA.

10. One of the students who became ill saved one of the capsules she had purchased and turned it over to the Middletown Police in February 2015. A lab test on that capsule revealed that it did not contain MDMA, but contained two other controlled substances: AB Fubinaca, which is a synthetic cannabinoid and a Schedule I controlled substance, and 6-MAPB, which is an analogue of MDMA.

11. In or about December 2014, KRAMER took over for LONERGAN as the primary supplier of Molly at Wesleyan. KRAMER charged similar prices as LONERGAN, but also sold Molly in bulk quantities. He would sell it in 0.1 gram quantities for $20 each or he would sell it in five- and ten-gram quantities for approximately $80-$100 per gram.

12. In January 2015, KRAMER returned to the Wesleyan campus with at least 25 grams of Molly. He provided the Molly to some of his friends for redistribution to other students on campus.

13. On February 21, 2015, eleven individuals, including ten Wesleyan students, overdosed on a substance they believed was Molly, and many were transported to the hospital.

These students reported similar symptoms as the students who overdosed in September 2014. Two of the students were in critical condition, and one of those students had to be revived after his heart stopped. All of these students obtained the purported Molly through individual distributers who were supplied directly by KRAMER.

14. After the events of February 21, 2015, KRAMER met with at least one of his distributers and directed him not to speak to the police. In addition, in text messages sent to other students who were questioning KRAMER about the substance causing the overdoses, KRAMER blamed one of his distributers and falsely claimed that the distributor was the source of the purported Molly. This same distributer had been hospitalized after overdosing on KRAMER's purported Molly.

15. Although KRAMER and some of his distributers destroyed the substance identified as Molly that they had in their possession, one of the distributers did not, and that substance was seized by law enforcement officers and sent to the toxicology laboratory for testing. Laboratory analysis confirmed that the powdered substance contained AB Fubinaca, a Schedule I controlled substance.

## COUNT ONE
(Conspiracy to Distribute and Possess With Intent to Distribute MDMA and AB Fubinaca)

16. The allegations in paragraphs 1-15 are incorporated by reference in this Count.

17. From in or about November 2013 through in or about February 2015, defendants ERIC LONERGAN and ZACHARY KRAMER, and others known and unknown to the Grand Jury, knowingly and intentionally conspired together and with one another, to possess with intent to distribute, and to distribute mixtures and substances containing detectable amounts of MDMA ("Molly"), and AB Fubinaca, both Schedule I controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 846.

## COUNT TWO
(Attempted distribution of MDMA and distribution of AB Fubinaca)

18. The allegations in paragraphs 1-15 are incorporated by reference in this Count.

19. In or about September 2014, defendant ERIC LONERGAN knowingly and intentionally attempted to distribute a mixture and substance containing a detectable amount of MDMA ("Molly"), a Schedule I controlled substance, and distributed a mixture and substance containing a detectable amount of AB Fubinaca, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THREE
(Attempted distribution of MDMA and distribution of AB Fubinaca)

20. The allegations in paragraphs 1-15 are incorporated by reference in this Count.

21. In or about February 2015, defendant ZACHARY KRAMER knowingly and intentionally attempted to distribute a mixture and substance containing a detectable amount of MDMA ("Molly"), a Schedule I controlled substance, and distributed a mixture and substance containing a detectable amount of AB Fubinaca, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FOUR
(Distribution of MDMA within 1000 feet of a private college)

22. The allegations in paragraphs 1-15 are incorporated by reference in this Count.

23. From in or about November 2013 though in or about December 2014, defendant ERIC LONERGAN knowingly and intentionally distributed a mixture and substance containing a detectable amount of MDMA ("Molly"), a Schedule I controlled substance, within 1000 feet of the real property comprising Wesleyan University, which is a private college, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860.

## COUNT FIVE
(Distribution of MDMA within 1000 feet of a private college)

24. The allegations in paragraphs 1-15 are incorporated by reference in this Count.

25. From in or about August 2014 though in or about February 2015, defendant ZACHARY KRAMER knowingly and intentionally distributed a mixture and substance containing a detectable amount of MDMA ("Molly"), a Schedule I controlled substance, within 1000 feet of the real property comprising Wesleyan University, which is a private college, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860.

## FORFEITURE ALLEGATION
(Controlled Substance Offenses)

26. Upon conviction of any of the controlled substance offenses alleged in this Indictment, the defendants ERIC LONERGAN and ZACHARY KRAMER shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the said violations and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

27. If any of the above-described forfeitable property, as a result of any act or omission of a defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All in accordance with Title 21, United States Code, Section 853, and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
FOREPERSON

UNITED STATES OF AMERICA

DEIRDRE M. DALY
UNITED STATES ATTORNEY

ROBERT M. SPECTOR
ASSISTANT UNITED STATES ATTORNEY